CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 25 2009

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MAURICE P. SCOTT, | ) | Civil Action No. 7:09-cv-00412 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN KELLY, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Maurice P. Scott, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that defects in his state pretrial proceedings void his state criminal conviction. Upon screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, I dismiss the petition as untimely filed.

I.

Petitioner alleges the following facts. Following his guilty plea, the Circuit Court of Bedford County entered petitioner's convictions on May 3, 2005, for unlawfully wearing a mask in public, use of a firearm in commission of a felony, and robbery.[1] (Pet. 1.) Petitioner did not appeal the convictions. (Id. 2.)

Petitioner subsequently filed a petition for a writ of habeas corpus to the Supreme Court of Virginia on June 5, 2009. The Supreme Court of Virginia denied his habeas petition in August 2009 as untimely filed and based upon allegations of which facts petitioner had knowledge of at the time of filing a previous petition. Scott v. Warden of the Sussex I State Prison, No. 091154, slip op. at 1 (Va. Aug. 6, 2009) (citing Va. Code §§ 8.01-654(A)(2), 8.01-654(B)(2)).

---

[1] Petitioner was also convicted in the Circuit Court for the City of Lynchburg for crimes related to a different attempted robbery and filed a federal petition for a writ of habeas corpus concerning those convictions separate from these convictions in the Circuit Court of Bedford County. See Rule 2(e) of the Rules Governing § 2254 Cases; Scott v. Prison Guard Kelly, Warden, No. 7:09-cv-00377 (W.D. Va.).

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[2] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The court conditionally filed the petition, advised petitioner that it appeared to be untimely filed, and invited argument why the court should not consider the petitioner untimely filed. In response, petitioner argues that the petition should be considered timely filed pursuant to 28 U.S.C. § 2244(d)(1)(B). Petitioner alleges that defects in his arrest warrants, the basis of

---

[2] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

2

his habeas petition, were the impediments to filing this habeas petition. (Petr.'s Resp. (docket #6) 3.) I find this argument unpersuasive because the two matters are not related and petitioner used this opportunity to reargue his grounds for relief.

Instead, petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). The circuit court entered judgment against petitioner on May 3, 2005, and he then had thirty days in which to file a notice of appeal to the Court of Appeals of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of Virginia. He did not appeal. Therefore, his conviction became final for purposes of § 2244(d)(1) in June 2006 when his opportunity to pursue a direct appeal expired. The one-year period under § 2244(d)(1)(A) to file a § 2254 petition also began to run for petitioner in June 2006, and the filing period expired for him in June 2007. Petitioner filed his federal habeas petition, at the earliest, on August 17, 2009, well beyond the requisite one-year statute of limitations.[3] As a result, Petitioner's petition is untimely under § 2244(d)(1)(A).

The one-year filing period under § 2244(d)(1)(A) had already expired in June 2007, before petitioner filed his state habeas petition in June 2009 with the Supreme Court of Virginia. Therefore, the pendency of his state petition did not toll the period of limitations pursuant to § 2244(d)(2). See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run."). Accordingly, I find that the petition was not timely filed, and I must dismiss it.

III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to 28

---

[3]For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). It appears that petitioner signed his petition on August 17, 2009. (Pet. 69.) Accordingly, I will assume for purposes of this opinion that he also "filed" it on that date by delivering it to prison authorities for mailing.

3

U.S.C. § 2254 as untimely filed. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 25th day of November, 2009.

Senior United States District Judge